UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 07-21274-CIV-KING

WENDY MILLER, individually
and as Personal Representative of
the Estate of DANNY MILLER, et al.,

      Plaintiffs,

v.

R.J. REYNOLDS TOBACCO CO.,
INC., et al.,

      Defendants.

_____/

## FINAL ORDER OF REMAND

This CAUSE is before the Court upon Plaintiffs' Motion to Remand and

Memorandum of Law (D.E. # 16), filed June 14, 2007.  On July 2, 2007, Defendants

Responded (D.E. # 17) and on July 20, 2007, Plaintiffs Replied (D.E. # 27).

## I. BACKGROUND

Plaintiffs filed a Complaint on April 10, 2007 in the Circuit Court of the 11th

Judicial Circuit in and for Dade County, Florida.  Defendants removed the above-styled

action to this Court on May 17, 2007, pursuant to 28 U.S.C. § 1332, 1441, and 1446,

asserting diversity of citizenship.

The above-styled action was brought by Wendy Miller, individually and as

Personal Representative of the Estate of Danny Miller; Sheri Whitlen, individually and as

Personal Representative of the Estate of Marilyn Levine; Theodore Hallgren, individually
and as Personal Representative of the Estate of Claire Hallgren; Gertrude Marchese,
individually and as Personal Representative of the Estate of Salvatore Marchese; and
Larry Michael, individually and as Personal Representative of the Estate of Mary Ann
Michael, in accordance with the decision of the Florida Supreme Court in *Engle v.
Liggett Group, Inc., et al.,* 945 So. 2d 1246 (Fla. 2006), a class action brought against
domestic cigarette manufacturers.

The *Engle* court found that class members had the right to pursue individual
damage remedies against defendants. Thus, Plaintiffs are currently suing Defendants for
smoking related injuries under the theories of strict liability, fraud by concealment,
conspiracy to commit fraud by concealment, and negligence. Plaintiffs allege that as a
direct and proximate result of smoking cigarettes manufactured and sold by one or more
Defendants, each Plaintiff's decedent suffered from one or more of the diseases and
medical conditions caused by smoking cigarettes,[1] specifically small cell lung cancer,
each of which was caused by his or her addiction to cigarettes that contain nicotine, each
of which manifested during the class period outlined by the *Engle* court, and each
Plaintiff's decedents died as a result of his or her disease or diseases.

---

[1] "Smoking cigarettes causes aortic aneurysm, bladder cancer, cerebrovascular disease,
cervical cancer, chronic obstructive pulmonary disease, coronary heart disease, esophageal cancer,
kidney cancer, laryngeal cancer, lunch cancer (specifically, adenocarcinoma, large cell carcinoma,
small cell carcinoma, and squamous cell carcinoma), complications of pregnancy, oral
cavity/tongue cancer, pancreatic cancer, peripheral vascular disease, pharyngeal cancer, and
stomach cancer." *Engle*, 945 So. 2d at 1277.

On May 16, 2007, Defendants filed a Notice of Removal (D.E. # 1), asserting that Defendant Vector Group LTD was fraudulently joined by Plaintiffs to defeat diversity jurisdiction. Plaintiffs filed a Motion to Remand (D.E. # 16) on June 14, 2007, arguing that Vector was not fraudulently joined, Defendants failed to demonstrate a jurisdictional basis for removal, and, alternatively, that the court should abstain from the exercise of its jurisdiction under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). On July 2, 2007, Defendants filed a Memorandum of Law in Opposition to Plaintiffs' Motion for Remand (D.E. # 17) and on July 20, 2007, Plaintiffs Replied (D.E. # 27). The question before the Court is whether Vector was fraudulently joined to the above-styled action or whether Vector is an appropriate defendant.

## II. LEGAL STANDARD

Federal courts have the power to exercise jurisdiction over "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal law grants federal courts "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States" and all civil actions where the opposing parties are diverse and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1331 and § 1332(a).

A case originally filed in state court can be removed to federal court when defendants file a notice of removal with the district court of the United States, "containing a short and plain statement of the grounds of removal, together with a copy of

3

all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). However, removal statutes are narrowly construed in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). The removing party bears the burden of establishing jurisdiction and "the burden is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *see also Lowrey v. Alabama Power Co.*, 483 F.3d 1184, 1206 (2007) ("Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements. Under this traditional rule, the defendants, having removed the case to the district court, would bear the burden of establishing the court's jurisdiction."). The determination of whether a defendant has been fraudulently joined should be based on plaintiff's pleadings at the time of removal, along with any affidavits and deposition transcripts submitted by the parties. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). All questions of facts must be resolved in favor of the plaintiff. *Id.* at 1323. Indeed, "where there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear." *Town of Freedom v. Muskogee Bridge Co. Inc.*, 466 F. Supp 75, 77 (W.D. Okl. 1978).

A caveat to the strict requirements of removal is that "nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded" in determining the removing defendants' compliance with § 1446(a). *McKinney v. Rodney C. Hunt Co.*, 464 F. Supp. 59, 62 (W.D.N.C. 1978). Fraudulent joinder, a judicially

4

created doctrine, provides an exception to the requirement of complete diversity in three situations. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). First, when there is no possibility a plaintiff can prove a cause of action against the non-diverse defendant. *Id.* Second, when there is outright fraud in the plaintiff's pleadings of jurisdictional facts. *Id.* Third, when the non-diverse defendant has no real connection to the claim against the diverse defendant and there is no joint, several or alternative liability. *Id.*

When removing defendants plead fraudulent joinder, they have the burden of supporting their claim with "clear and convincing evidence." *Town of Freedom v. Muskogee Bridge Co. Inc.,* 466 F. Supp 75, 78 (W.D. Okl. 1978).    In evaluating the factors for fraudulent joinder the Court must keep in mind, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F. 2d 1433, 1440-41 (11th Cir. 1983).  In other words, a claim for fraudulent joinder only succeeds "if there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendant under the facts alleged..." *Tedder v. F.M.C. Corp.,* 590 F. 2d 115, 117 (5th Cir. 1979).

## III.  DISCUSSION

In the instant case, Defendants do not allege that there is outright fraud of jurisdictional facts in the plaintiffs' pleading: it is undisputed that Vector is a citizen of

Florida. Thus, the Court will confine its inquiry to the second and third prongs of the fraudulent joinder test; whether there is a possibility that a state court will find a cause of action against Vector.

First, Defendants assert that the Florida Supreme Court only authorized actions against *Engle* defendants. Defendants assert that Vector was not an *Engle* defendant, Vector is not a successor to *Engle* defendants Liggett or Brooke Group Holding Inc., Liggett is not an alter ego or mere instrumentality of Vector, and Liggett is not Vector's agent. Thus, Plaintiffs have no cause of action against Vector under *Engle*.

Plaintiffs' Complaint and Motion for Remand, however, viewed in the light most favorable to the Plaintiffs, creates a possibility that Vector is an appropriate defendant in this cause of action. Plaintiffs contend that even though Vector was not a defendant in the *Engle* court proceeding, Vector is a successor to Liggett and Brooke Group Holding Inc., making Vector a properly joined defendant. A successor is liable "if (1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a *de facto* merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid the liabilities of the predecessor." *Lab. Corp. V. Prof'l Recovery Network*, 813 So. 2d 266, 269 (Fla. 5th DCA 2002).

Plaintiffs only argue the last three prongs: Plaintiffs contend that Vector is liable as a successor because (1) it was a defacto merger, the reorganization reduced Brook Group Holdings to a shell with no power and Vector currently has complete control over

6

Liggett; (2) Vector is a mere continuation of Brooke Holding, nothing changed administratively or financially after Brooke Holding changed its name to Vector; and (3) the transaction was a fraudulent effort to avoid the liabilities of Brooke Holding Group, the holding company structure was simply a vehicle to insulate Liggett profits from *Engle* plaintiffs. Plaintiffs allege that in June 1990, Brooke Group, the successor to Liggett Group, formed Liggett & Meyers Tobacco Company to conduct its tobacco operations. In July 1990, Liggett & Meyers Tobacco Company allegedly changed its name to Liggett Group. Liggett Group, then began operating its tobacco business through Brooke, as its shell holding company, which allegedly owned 100% of Liggett. Following the *Engle* Court decision, Plaintiffs' allege that Liggett and Brooke Group Holding engaged in another reorganization which lead to the creation of Vector as their successor. As the successor, Vector continued to control Liggett.

Vector's SEC form documents Vector's previous name changes: Vector was previously named Brooke Group Ltd., Liggett Group, Inc., Liggett & Myers, Inc., and Liggett & Myers Tobacco Co. (App. Exh. 17, 18, 30.) Further, Plaintiffs contend that Vector and Brooke Group have identical officers and directors, business addresses and telephone numbers, Bylaws and Articles of Incorporation, assets and liabilities, business and operations, attorneys, and SEC identification numbers. Additionally, they have consolidated financial statements.

Thus, even though Vector was not an *Engle* Defendant, because Plaintiffs have laid out a reasonable argument that Vector is a liable successor to Brooke Holding Group;

7

Vector is an appropriate Defendant under *Engle*. Further, Plaintiffs have established a possibility that Vector controls Liggett and is liable as Liggett's alter ego.

Second, Defendants assert that Plaintiffs' claims against Vector are time-barred. Defendants assert that Plaintiffs' allegations are brought under Florida's Wrongful Death Act, which has a two-year statute of limitations, or alternatively under Florida's survival statute, which Defendants allege has a four year statute of limitations in the above-styled action. Since this lawsuit was not filed until more then ten years after each Plaintiff's decedent's death, Defendants allege the above-styled action is time barred against Vector.

However, the *Engle* decision gave all *Engle* class members, including Plaintiffs, one year in which to file damages actions. Since Plaintiffs have one year to sue the original *Engle* Defendants, Plaintiffs allege that they have one year to sue any successor under the "relation back" doctrine. Under the relation back doctrine "[a]n amendment which does not substantially change a cause of action may be made even after the statute of limitations has run." *Schachner v. Sandler*, 616 So. 1661 167 (Fla. 4th DCA 1991). Plaintiffs assert that to determine whether the new and original parties are sufficiently related for the relation back doctrine the court considers whether the ownership of the parties overlaps; whether the officers and directors of the parties overlap; whether the parties share the same financial statements and registration statements; and whether the parties share the same attorney. As discussed above, Plaintiffs have alleged that the ownership of the parties and the officers and directors overlap. Further, the parties have consolidated financial statements and share the same attorney. Therefore, the Court

8

concludes that Vector is sufficiently related for the relation back doctrine and Plaintiffs' claims are not time-barred.

Finally, Defendants assert that Vector has never sold, manufactured, or marketed any cigarette product and therefore cannot be liable for Plaintiffs' product liability allegations concerning the design, manufacture, and marketing of cigarette products. Plaintiffs contend that Vector's liability does not come from its actions selling, manufacturing or marketing cigarette products, but is an extension of liability from Liggett and Brooke Holding Group's previous actions. Alternatively, Plaintiffs states that Vector's SEC filings and other publications make it clear that Vector is involved in the cigarette business. Once again, Plaintiffs' theory of liability creates an arguably reasonable basis for a cause of action against Vector. It is possible that a state court will find a cause of action against Vector based on Liggett and Brooke's involvement in the cigarette industry or based on Vector's own actions.

While Plaintiffs have not clearly stated a cause of action against Vector, there is at least the possibility that the complaint does state a valid cause of action against Vector. Defendants have not met their "heavy burden" of proving with "clear and convincing evidence" that "there is no arguably reasonable basis for predicting that state law might impose liability" on Vector. Vector may be held liable as a successor to Brooke and as Liggett's alter ego. Thus, Vector was not fraudulently joined. As joinder was proper, the above-styled action must be remanded to state court. Since this Court does not have jurisdiction over the above-styled matter, there is no need to consider whether to abstain

9

from the exercise of that jurisdiction.

## IV.  CONCLUSION

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is ORDERED and ADJUDGED that the case be **REMANDED** to state court.  The Clerk of the Court is hereby ordered to transfer this case and the court file in the above styled  action to the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  The Clerk of the Court shall CLOSE the case. All pending Motions are DENIED as MOOT.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 17th day of August, 2007.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

10

cc:     **_Counsel for Plaintiffs_**
        Brenda S. Fulmer, Esq.
        Donald Guy Greiwe, Esq.
        James D. Clark, Esq.
        Alley Clark Greiwe & Fulmer
        701 E Washington Street
        PO Box 3127
        Tampa, FL 33601-3127
        Fax: 813-224-0373

        Brent R. Bigger, Esq.
        Hendrik Uiterwyk, Esq.
        Dana Powell Hoffman, Esq.
        Stephen Ashley Barnes
        Abrahamson, Uiterwyk & Barnes
        900 West Platt Street
        Tampa, FL 33606
        Fax: 813-221-4738

        Robert Wayne Kelley, Esq.
        Sheldon J. Schlesinger
        1212 SE 3rd Avenue
        Fort Lauderdale, FL 33316
        954-467-8800

        Todd Robert McPharlin, Esq.
        Kelley Uustal PLC
        700 SE 3rd Avenue
        Third Floor
        Fort Lauderdale, FL 33316
        Fax: 954-522-6608

        Clell Calvin Warriner, III, Esq.
        David Joseph Sales, Esq.
        Searcy Denney Scarola Barnhart & Shipley
        2139 Palm Beach Lakes Boulevard
        PO Drawer 3626
        West Palm Beach, FL 33402-3626
        Fax: 561-615-0915

11

Howard Martin Acosta, Esq.
300 1st Avenue N
St. Petersburg, FL 33701
813-273-5000

Kent G. Whittemore, Esq.
Whittemore Law Group, P.A.
One Beach Drive, S.E., Suite 205
St. Petersburg, FL 33701
727-821-8752

Matthew David Schultz, Esq.
Robert M. Loehr, Esq.
Levin Papantonio Thomas Mitchell Echsner & Procter
316 S Baylen Street
Suite 600
Pensacola, FL 32501
Fax: 436-6140

## *Counsel for Defendants*
Benjamine Reid, Esq.
Neil David Kodsi, Esq.
Olga M. Vieira, Esq.
Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101
Fax: 305-530-0055

John Fachet Yarber, Esq.
Stephanie E. Parker, Esq.
Jones Day
1420 Peachtree Street NE
Suite 800
Atlanta, GA 30309
Fax: 404-581-8330

Kenneth James Reilly, Esq.
Stacey Anne Koch, Esq.
Shook Hardy & Bacon
201 S Biscayne Boulevard
Suite 2400
Miami, FL 33131-4332
Fax: 305-358-7470

Kelly Anne Luther, Esq.
Clarke Silverglate & Capmbell, P.A.
799 Brickell Plaza
9th Floor
Miami, FL 33131
Fax: 305-377-3001